THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
NO: _-CV-_

| | |
|---|---|
| DEVONNE MOISE, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) **NOTICE OF REMOVAL** |
| LORETTA SHIVERS, GEICO INSURANCE AGENCY, LLC, | )<br>)<br>) |
| Defendants. | )<br>) |

Defendants Loretta Shivers and GEICO Insurance Agency, LLC ("GEICO Insurance Agency"),[1] by and through undersigned counsel, hereby remove the above-captioned case from the Superior Court of Mecklenburg County, North Carolina, to the United States District Court for the Western District of North Carolina, pursuant to 28 U.S.C. § 1332, 1441, and 1446. In support of this Notice of Removal, Defendants state as follows:

1. On or about September 5, 2024, Plaintiff filed a civil action against Defendants in the Superior Court of Mecklenburg County, North Carolina, under Case No. 24-CV-041231-590. A copy of the Summons and Plaintiff's Complaint is attached to this Notice of Removal as Exhibit A, and incorporated herein by reference.

2. GEICO Insurance Agency was served with the Summons Complaint via its registered agent on September 10, 2024.

---

[1] GEICO Insurance Agency is not a proper Defendant in this matter as it did not issue the policy referenced in the Complaint and had no interaction with Plaintiff or her daughter.

3. As of the filing of this Notice of Removal, Ms. Shivers has not yet been served with the Summons and Complaint but is also represented by undersigned counsel and consents to this Removal.[2]

4. Defendants have filed this Notice of Removal within 30 days of receipt of the Complaint, through service or otherwise, as required by 28 U.S.C. § 1446(b).

5. There have been no further proceedings in this matter in the Superior Court of Mecklenburg County, North Carolina, to date.

6. Subject matter jurisdiction rests with the Federal Courts in this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

7. Removal of this action to this Court is proper under 28 U.S.C. § 1441(a), as this Court would have original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

8. Venue is proper in the Southern Division in accordance with 28 U.S.C. §§ 113(b) and 1441(a).

**REMOVAL IS PROCEDURALLY PROPER**

9. This Notice has been filed before the expiration of thirty days from September 10, 2024, the date GEICO Insurance Agency first received a copy of the Summons and Complaint by service or otherwise. Therefore, removal of this action is timely pursuant to 28 U.S.C. § 1446(b).

10. Contemporaneous with the filing of this Notice, Defendants are serving a copy of this Notice of Removal on Plaintiff, and are filing a copy of this Notice of Removal

---

[2] It is unclear from the Summons, Complaint, or State Court case portal whether Plaintiff intended both GEICO and Ms. Shivers to be parties to this action or if the suit is filed solely against Ms. Shivers. Service upon Ms. Shivers through GEICO's registered agent is improper and not in accordance with Rule 4 of the North Carolina Rules of Civil Procedure.

with the Clerk of the Superior Court of Mecklenburg County, North Carolina, where this action was originally filed, as required by 28 U.S.C. § 1446(d).

**DIVERSITY OF CITIZENSHIP**

11. This is a civil action between citizens of different states.

12. Plaintiff alleges in her Complaint that she is a citizen of North Carolina. *See* Exhibit A at ¶ 1.

13. Ms. Shivers is a resident of Virginia Beach, Virginia. *See* Exhibit A at ¶ 2 (incorrectly stating that Ms. Shivers' "principal place of business" is in Virginia Beach, Virginia).

14. GEICO Insurance Agency is a company whose members and managers are all citizens of Maryland. GEICO Insurance Agency was incorrectly named as a Defendant in this matter as it did not issue the policy in question or communicate with Plaintiff or her daughter.

15. This lawsuit is not a "direct action" against an insurer of a policy or contract of liability insurance as prescribed under 28 U.S.C. § 1332(c)(1). *See Corn v. Precision Contracting, Inc.*, 226 F. Supp. 2d 780, 782 (W.D.N.C. 2002) ("a direct action would not include an action by the insured against the insurer based on its independent wrongs. Such claims include 'actions brought against the insurer either by the insured for failure to pay policy benefits or by an injured third party for the insurer's failure to settle within policy limits or in good faith.'" (internal citation omitted)). Thus, Defendants are citizens of Virginia and Maryland for purposes of determining diversity of citizenship, both now and at the time of the filing of this lawsuit. 28 U.S.C. § 1332(c)(1).

16. There is complete diversity of citizenship as required by 28 U.S.C. § 1332(a)(1).

3

**AMOUNT IN CONTROVERSY**

17. In her Complaint, Plaintiff alleges that she is seeking "Compensatory damages in an amount of $250,000, including but not limited to damages for mental, emotional, physical, and financial suffering." Exhibit A at 7. In addition, Plaintiff asserts a claim for punitive damages. Therefore, the amount in controversy exceeds the sum or value of $75,000, as required by 28 U.S.C. § 1332(a).

WHEREFORE, Ms. Shivers and GEICO Insurance Agency, respectfully remove this action to the United States District Court for the Western District of North Carolina.

This the 10th day of October, 2024.

                                      TEAGUE CAMPBELL DENNIS & GORHAM, LLP

                                      By: /s/ Daniel T. Strong
                                            Daniel T. Strong – N.C. Bar No. 49546
                                            4140 Parklake Ave, Suite 600
                                            Raleigh, North Carolina 27612
                                            dstrong@teaguecampbell.com
                                            Telephone:     919-873-0166
                                            Fax:              919-873-1814
                                            *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document has been filed via the Court's CM/ECF system, which will serve all parties of record and via email as follows:

Devonne Moise
2825 Beech Nut Road
Charlotte, North Carolina 28208
Devonnemoise347@gmail.com
*Plaintiff*

This the 10th day of October, 2024.

                                        TEAGUE CAMPBELL DENNIS & GORHAM, LLP

                                        By: /s/ Daniel T. Strong
                                                Daniel T. Strong – N.C. Bar No. 49546