**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:24-cv-901-MOC-DCK**

| | | |
|---|---|---|
| **DEVONNE MOISE,** | ) | |
| | ) | |
| **Plaintiff, pro se,** | ) | |
| | ) | **ORDER** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **LORETTA SHIVERS and GEICO** | ) | |
| **INSURANCE AGENCY, LLC,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

      **THIS MATTER** is before the Court on a Motion to Dismiss by Defendants Loretta

Shivers ("Shivers") and GEICO Insurance Agency, LLC ("GEICO") (collectively,

"Defendants"). (Doc. No. 8). This Court issued a Roseboro Order on October 30, 2024, setting a

response deadline for November 13, 2024. (Doc. No. 11). Plaintiff Devonne Moise ("Plaintiff")

did not file a response. This matter is now ripe for disposition.

## I.     BACKGROUND

      Plaintiff's daughter, D'erra Moise ("D'erra"), was involved in a car accident on August

18, 2023, with a driver insured by GEICO. (Doc. No. 1, Ex. A ¶ 6). D'erra was 21 years old at

the time of the accident. D'erra issued a demand to GEICO through an attorney. Though the

claim was settled, Plaintiff alleges that GEICO and Defendant Shivers failed to conduct a proper

investigation into the claim. (Id. ¶ 8).

      On September 5, 2024, Plaintiff filed a Complaint in state court in Mecklenburg County.

(Doc. No. 1, Ex. 1). The complaint alleges the following causes of action: (1) bad faith claim

handling; (2) fraud; (3) racial discrimination; and (4) breach of contract. (Id.). Plaintiff sent a

1

copy of the Complaint to Defendant Shivers via mail. (<u>Id.</u> at p. 7). On October 10, 2024, the case was removed to this Court. (Doc. No. 1). On October 30, 2024, Defendants moved to dismiss, claiming that: (1) Plaintiff lacks standing to bring a claim on behalf of her daughter; (2) North Carolina does not permit third-party claims for bad faith claims handling practices; and (3) Defendants were not properly served with process under Rules 12(b)(4) and 12(b)(5) of the Federal Rule of Civil Procedure.[1]

## II.    STANDARD OF REVIEW

When a plaintiff lacks standing, the suit must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). <u>See, e.g.</u>, <u>CGM, LLC v. BellSouth Telecomms., Inc.</u>, 664 F.3d 46, 52 (4th Cir. 2011). The burden of establishing subject matter jurisdiction rests with the plaintiff. <u>Demetres v. E. W. Constr., Inc.</u>, 776 F.3d 271, 272 (4th Cir. 2015). A motion to dismiss should be granted if, after engaging in necessary fact-finding, the court determines that the movant is entitled to judgment as a matter of law. <u>Id.</u>

## III.    DISCUSSION

To establish Article III standing, a Plaintiff must allege a concrete, particularized injury, fairly traceable to the challenged conduct, and likely to be redressed by a favorable judicial decision. <u>See</u> <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 560–61 (1992). If a party does not have standing, then there is no federal jurisdiction, and "the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Ex parte McCardle</u>, 74 U.S. 506, 514 (1868).

Federal Rule of Civil Procedure 17 codifies this standing requirement and provides that "[a]n action must be prosecuted in the name of the real party in interest." Fᴇᴅ. R. Cɪᴠ. P.

---

[1] Because the Court finds that Plaintiff does not have standing to sue on her daughter's behalf, it will not address arguments (2) and (3).

2

17(a)(1). A parent or other representative may sue on behalf of a minor or incompetent person under this provision. Fed. R. Civ. P. 17(c). However, that right "clearly ceases" when a minor child becomes an adult. <u>Schuppin v. Unification Church</u>, 435 F. Supp. 603, 605 (D. Vt. 1977), <u>aff'd</u>, 573 F.2d 1295 (2d Cir. 1977).

Here, Plaintiff does not have standing to sue on behalf of her daughter. D'erra was a legal adult at the time of the accident. The Complaint does not allege that D'erra is incompetent. Plaintiff does not allege any injury to herself. Therefore, the Court finds that Plaintiff lacks standing to bring these claims against Defendants.

## IV. CONCLUSION

For the above reasons, the Court will grant Defendants' motion to dismiss Plaintiffs' claims.

ORDER

**IT IS, THEREFORE, ORDERED,** that Defendants' motion to dismiss, (Doc. No. 8), is **GRANTED.** Plaintiff's claims against Defendants are **DISMISSED** with prejudice.

Signed: December 30, 2024

Max O. Cogburn Jr.
United States District Judge